## No. 8761.

JOHN A. HUNTER, SHERIFF AND TAX COLLECTOR, vs. ED. LISSO.

A charge or commission for an attorney's fee, where a parish license is sought to be collected by suit, imposed by an ordinance of a police jury, cannot be collected. The parishes are without authority to impose such charge.

APPEAL from the Tenth District Court, Parish of Red River. *Logan*, J.

---

*M. S. Jones* for Plaintiff and Appellee.

*J. F. Pierson* for Defendant and Appellant.

The opinion of the Court was delivered by.

TODD, J. The defendant is a retail grocer, and in connection with his business as such, sells liquor in quantities less than a pint, in the town of Coushatta, Red River Parish.

On the 7th of April, 1882, having made his affidavit in conformity to law, the same proving satisfactory to the tax collector for said parish, he was granted a State license to pursue his business for fifty dollars, which he then paid.

On the 1st of May thereafter, he was sued by the parish for one hundred dollars, the amount of the parish license claimed for the same business, with ten per cent. thereon as a penalty or commission for attorney's fees and costs, which commission was imposed by an ordinance of the police jury.

On the next day the defendant tendered to the tax collector fifty dollars for his parish license, which the collector concluded to accept and did receive, and thereupon issued such license.

There was judgment for the parish, condemning the defendant to cease from the further pursuit of his business until he paid fifty dollars for his parish license with ten per cent. thereon penalty for attorney's fees and costs of the proceeding, and further ordering that this judgment for the license, ($50) penalty and costs, be credited with $50 paid the collector on the 2d of May previous.

From this judgment the defendant appeals, and pleads the irregularity and illegality of the proceeding, and charges that the fee of the attorney or penalty imposed is wholly unauthorized, null and void.

It is obvious from the express language of the Constitution, that the defendant's State license having been fixed and assessed at fifty dollars, the parish could not exact a greater license or one for a larger sum. Constitution 1879, Art. 206.

Though the defendant paid his parish license and exhibited and filed a proper receipt therefor, nevertheless, by the terms of the judgment, he is expressly enjoined from continuing his business until he pays a license (that is, another license) which is therein declared due the parish for the year 1882. The judgment is manifestly wrong in this particular, and was doubtless so worded as to compel the payment of the penalty and costs.

We do not think the defendant justly liable for either. The parish was wrong in demanding from him, by suit or otherwise, the payment of one hundred dollars, twice the amount of the State license. He paid on this demand all that could be rightfully claimed of him, of which the acceptance of the tender and issuance of the license by the tax collector was a conclusive acknowledgment, and with that payment the proceeding should have ceased.

It is not reasonable to suppose that the defendant could be chargeable with a penalty for declining to pay an unjust and illegal demand, and one acknowledged to be such by the officer seeking to enforce it.

Besides, there is no warrant in law for the imposition or collection of an attorney's fee or commission by the parish.

The State has the right to prescribe a charge of this kind against delinquents for State taxes and licenses, and has done so, but we find no delegation of such right to the parishes, and it is elementary that they and other municipal or political corporations can exercise only such powers as are expressly conferred or which result from clear and cogent implication.  Dillon on Municipal Corporations, § 55 *et seq.;* City vs. Philippi, 9 An. 44; State ex rel. vs. Shreveport, 33 An. 1180.

We are referred to Art. 218 of the Constitution as the source from which the power claimed is derived.

This Article merely extends the provisions of the Constitution "regulating and relating to the collection of State taxes and tax sales," to the collection " of parish, district and municipal taxes."

This, nor no other Article of the Constitution, prescribes that the imposition of such fee or commission shall form a part of the regulations relating either to State or parish taxes—leaving out of view the question of licenses—nor does Section 13 of the license Act referred to and also cited as supporting the authority exercised in this instance, confer any such power on the parishes.  It only gives the right to any municipal or parochial corporation to impose a license tax on any business, occupation or profession provided for in the Act, and is silent as to the imposition by such corporation of any such charge for non-payment of the license.

Conceding, therefore, that a delinquency was shown on the part of the defendant in paying his parish license—of which we are not satisfied under the facts of this case—we find no authority conferred on the police jury to compel the defendant, in addition to his license, to pay, as a penalty or otherwise, the fee of an attorney for attesting the license under legal process, and he was wrongly condemned to do so.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment for defendant, with costs of both Courts.